IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LINDA J. CLARK                                                                                    PLAINTIFF

VS.                                           CIVIL NO. 04-4152

JO ANNE B. BARNHART,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                     DEFENDANT

**MEMORANDUM OPINION**

Linda Clark ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits ("DIB"), under Title II of the Act.

**Background:**

The application for DIB now before this court was filed on June 6, 2003, alleging an onset date of August 15, 2002, due to back, leg, and feet problems. (Tr. 62-64, 128). An administrative hearing was held on August 18, 2004. (Tr. 281-318). Plaintiff was present and represented by counsel.

On September 13, 2004, the Administrative Law Judge ("ALJ"), issued a written opinion finding that, although severe, plaintiff's impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 21). At this time, plaintiff was forty-eight years old and possessed a tenth grade education. (Tr. 286-287). The record reflects that she had past relevant work experience ("PRW"), as a cashier/stocker, hotel maid, caregiver, and hotel manager. (Tr. 143, 278-288, 311-312).

After discrediting plaintiff's subjective allegations, the ALJ concluded that she maintained the residual functional capacity ( "RFC"), to perform light work, limited by her ability to only occasionally stoop and crouch. (Tr. 21). With the assistance of a vocational expert, the ALJ then

AO72A
(Rev. 8/82)

found that plaintiff could still perform her PRW as a hotel maid and hotel manager. (Tr. 21).

On October 26, 2004, the Appeals Council declined to review this decision. (Tr. 5-7). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 5, 6, 7).

**<u>Applicable Law:</u>**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines

"physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920 (2003).

## Discussion:

Of particular concern to the undersigned is the fact that the ALJ failed to develop the record further concerning plaintiff's back impairment. An ALJ has a duty to develop the record fully. *See Haley v. Massanari*, 258 F.3d 742, 749-50 (8th Cir. 2001). In fact, "'[i]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision.'" *Boyd v. Sullivan,* 960 F.2d 733, 736 (8th Cir.1992) (quoting *Reeves v. Heckler,* 734 F.2d 519, 522 n. 1 (11th Cir.1984)); see also 20 C.F.R. § 404.1519a (2001). However, "'reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial.'"

3

*Shannon,* 54 F.3d 484, 488 (quoting *Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993)).

In the present case, the evidence clearly reveals that plaintiff injured her back while at work on August 15, 2002. (Tr. 277). After approximately one year of treatment for back pain, to include pain medication, muscle relaxers, and epidural steroid injections, Dr. C. C. Alkire, one of plaintiff's treating physicians, ordered a myelogram/CT scan to make sure that the MRI of plaintiff's lumbar spine, dated September 2002, "had not missed something." (Tr. 178, 183, 187, 243). However, because plaintiff was receiving workman's compensation ("WC") and a consultative examiner had concluded that she had reached her maximum medical improvement, plaintiff's WC insurance would not pay for the test. (Tr. 244). Therefore, the test was never performed. After reviewing all of the medical evidence contained in the file, in combination with the fact that the myelogram was not performed, we believe that remand is necessary to allow the ALJ to further investigate plaintiff's back impairment.

The pertinent medical evidence reveals as follows. Plaintiff sustained her injury on August 15, 2002. (Tr. 177). Following the accident, she was treated at the emergency room on three separate occasions for acute lower back pain. (Tr. 178, 183, 187). Then, on September 3, 2002, an MRI of her lumbar spine revealed mild degenerative disc disease at the L6-S1 level, with a bulge of the disc and a tear of the annulus fibrosa.[1] (Tr. 191). Due to these findings, on September 15, 2002, plaintiff was referred to Dr. Tom Young, an orthopaedic surgeon for further treatment. (Tr. 201). Following his evaluation, plaintiff was evaluated by Dr. Brian Benlow for epidural steroid injections, which she

---

[1]The annulus fibrosis is the thick outer part of the disc which serves to contain the nucleus pulposis. *See* Medtronic Sofamor Danek, *Mechanical Disorders: Herniated Discs, at* www.back.com.

4

underwent on three occasions between March 13, 2003, and April 1, 2003. (Tr. 213, 229, 232, 277).

On March 27, 2003, Dr. John Sklar evaluated plaintiff for Worker's Compensation purposes, and determined that she had met her maximum medical improvement. (Tr. 175). Although he rated her impairment to be only five percent to her body as a whole, Dr. Sklar noted that plaintiff had not shown any significant improvement from ongoing treatment, and that she could not tolerate a work hardening/conditioning program. (Tr. 175-176). He also indicated that her condition interfered with her ability to perform outdoor activities and chores, ride for long periods of time, sleep, and interact with her family. (Tr. 267). Further, Dr. Sklar's physical examination revealed tenderness to palpation over the left gluteals and sacroiliac region, as well as decreased sensation in a non-neuroanatomical pattern over the L3, L4, L5, and S1 dermatomes in her left lower extremities. (Tr. 268). In addition, he noted a decreased range of motion in all planes of her lumbar spine, secondary to pain. (Tr. 268). Then, on June 2, 2003, Dr. Young noted that plaintiff was suffering from continued back discomfort and could do no heavy or rigorous activities, to include stooping, bending, and lifting. (Tr. 275). This was substantiated by Dr. Alkire's RFC assessment completed on July 16, 2004, indicating that plaintiff could lift less than ten pounds; stand and walk two hours during an eight-hour workday; sit six hours during an eight-hour workday; never twist, stoop, or crouch; and, occasionally climb. (Tr. 278-280). He also opined that plaintiff would miss at least one day of work per month, due to her condition. (Tr. 278-280).

Given the fact that the record indicates that plaintiff's condition warranted further testing, namely a myelogram/CT scan, and the fact that plaintiff's back condition has continued to limit her abilities, in spite of various treatments, we believe that the matter should be remanded to the ALJ for further development of the record concerning this issue. It is clear that the absence of this potential

5

AO72A
(Rev. 8/82)

evidence has been prejudicial to plaintiff's case. While the undersigned does not find that the present record indicates that plaintiff's impairments render her totally disabled, more evidence is needed before an accurate determination can be made. *Groeper v. Sullivan,* 932 F.2d 1234, 1239 (8th Cir. 1991).

Therefore, on remand, the ALJ should order a consultative examination, specifically requesting that the examiner order a myelogram/CT scan of plaintiff's lumbar spine. *See* 20 C.F.R. § 404.1519a; *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). After reviewing the myelogram/CT scan results, in addition to the medical evidence of record and his/her physical findings, the consultative examiner should then complete an RFC assessment of plaintiff, indicating her specific limitations.

The undersigned does note that the ALJ has dismissed Dr. Alkire's opinion, stating that it is not supported by the overall medical evidence. However, if we were to dismiss Dr. Alkire's opinion, as the ALJ has done, we note that the record would not contain an RFC assessment prepared by any of plaintiff's treating physicians. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). Given the nature of plaintiff's impairment, we believe that an RFC assessment from a treating physician is necessary for a fair and accurate resolution of this matter. This is especially true, in light of the fact that plaintiff has sought treatment from an orthopaedic surgeon and a pain specialist. Accordingly, on remand, the ALJ is directed to address interrogatories to Drs. Young and Benlow, asking them to review plaintiff's medical records and complete an RFC assessment regarding plaintiff's mental and physical capabilities during the time period in question. The physicians should also be asked to provide the objective basis for their opinions, so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period

AO72A
(Rev. 8/82)

in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier*, 754 F.2d at 276. If the ALJ has questions or concerns regarding these RFC assessments, he should request clarification from the physician preparing the RFC, prior to making a final decision in this matter.

**Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the plaintiff, should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ENTERED this 25th day of October 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)